IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID L. HASTINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-2152-DWD |
| | ) |
| TCC VERIZON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff David Hastings filed this Complaint against TCC Verizon seeking damages and injunctive relief for a dispute over the financing of a cellular phone. (Doc. 1). Now before the Court is Plaintiff's Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2). For the reasons detailed below, this Motion is denied, and the Complaint dismissed, without prejudice.

## Discussion

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees ("*in forma pauperis*"). Two issues must be resolved before *in forma pauperis* status can be granted. First, the plaintiff must show he is indigent by submitting an affidavit that includes a statement of all assets he possesses and that demonstrates he is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Second, the Court must screen the indigent plaintiff's complaint. The Court will dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. §

1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

On the question of indigence, although a plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding without prepaying fees "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Here, Plaintiff states his monthly income as $1,150.00. (Doc. 2, pg. 1). Plaintiff attests that he has $6,000.00 in savings and monthly expenses totaling $536.00.[1] (Doc. 2, pg. 3). He also states that he owns his home, valued approximately at $50,000.00. (Doc. 2, pg. 3). The affidavit demonstrates that Plaintiff has $614.00 in disposable monthly income and ample available savings. Based on these attestations, the Court **FINDS** that Plaintiff is not indigent. But even if Plaintiff cleared this first prong, he cannot meet the second prong required to proceed *in forma pauperis* because the complaint fails to state a claim on which relief may be granted and lacks a basis for subject matter jurisdiction.

A district court is required to screen a plaintiff's complaint and determine whether the action is "frivolous or malicious; fails to state a claim on which relief may be granted;

---

[1] Plaintiff's monthly expenses were calculated with the amounts he provided for his electricity, water and insurance bills. (Doc. 2, pg. 3). Plaintiff also included $1,109.99 as his monthly phone payment. However, Plaintiff's Complaint makes clear that this is the total amount financed for the purchase of his phone that is at issue in this action, not his monthly payment. (Doc. 1, pg. 6; Doc. 1-2, pg. 1). Accordingly, the Court does not include it in its calculation of Plaintiff's stated monthly expenses.

or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To proceed, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The statement must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff used the Court's *pro se* Civil Rights Complaint form for non-prisoners to draft his Complaint. (Doc. 1). Plaintiff does not make any jurisdictional allegations beyond the form's pre-populated statement that the Court's "[s]ubject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983." (Doc. 1, pg. 1). In the Complaint's "Statement of Claim" section, Plaintiff alleges that he paid Defendant $250.00 for taxes and extra parts when purchasing a phone. Plaintiff returned the following day and told Defendant he wanted to pay for part of the remaining balance for his phone. Defendant refused and told Plaintiff that the total amount owed for the phone was financed. (Doc. 1, pg. 5; Doc. 1-2, pg. 1). When naming Defendant in his Complaint, Plaintiff marks the box indicating that he is seeking injunctive relief; when

3

making his request for relief, Plaintiff requests a total of $1,335.47 in compensatory damages and $25.00 in punitive damages and does not propose any injunctive relief. (Doc. 1, pgs. 2, 6). On Plaintiff's Civil Cover Sheet, Plaintiff gives a description of his cause of action as "scam." (Doc. 1-2, pg. 1).

Taken as a whole, it is difficult to discern from Plaintiff's complaint the claim Plaintiff is attempting to put forth. Plaintiff's description of his cause as a "scam" could be interpreted as an action based on breach of contract or possibly fraud under state law. This Court would only have jurisdiction over such a case if diversity of citizenship exists amongst the parties and an amount greater than $75,000 is in dispute. 28 U.S.C. § 1332. Plaintiff's Complaint says nothing of diversity of citizenship between the parties and the amount alleged to be claimed is well below the jurisdictional threshold of $75,000. Based on the Complaint and the attached receipt (Doc. 1-2), no more than $1,360.47 is in dispute.[2] As such, Plaintiff has failed to allege facts sufficient to demonstrate that this Court could exercise jurisdiction over a cause of action sounding in breach of contract or fraud. *See Tylon v. Kloak*, 98 Fed. Appx. 511, 512 (7th Cir. 2004) (affirming district court's *sua sponte* dismissal of complaint that failed to allege a sufficient basis for subject matter jurisdiction); *see also Cripps v. Schutt*, Case No. 25-CV-00347-SPM, 2025 WL 870109, *3 (S.D. Ill. Mar. 20, 2025).

Plaintiff's Complaint also mentions 42 U.S.C. § 1983 but fails to allege facts sufficient to state a claim under that statute. Section 1983 provides a cause of action for

---

[2] Illinois law allows civil actions for less than $10,000 to be filed in state court as a small claim. IL Sup. Ct. Rule 281. See https://www.illinoiscourts.gov/documents-and-forms/ for approved small claims complaints.

an injured party against "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen … to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]" 42 U.S.C. § 1983. Indeed, to be liable under § 1983, each individual defendant "must have caused or participated in a constitutional deprivation." *Pepper v. Vill. Of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). To state a claim under the statute, "a plaintiff must allege that: (1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) the defendant acted under color of state law." *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). Plaintiff has failed to do so in his Complaint.

Plaintiff fails to sufficiently allege that he was deprived of any federally protected right. The Complaint does not provide any specifics about the transaction in question except that Plaintiff wished to pay an additional amount up front for his phone rather than finance the entire remaining balance. Plaintiff also fails to provide specifics of when, where, how, and by whom, he was told his new phone would be free. (Doc. 1, pg. 5). In sum, Plaintiff offers nothing to explain how these interactions rise to the level of a civil rights violation.

Second, Plaintiff fails to allege that this Defendant acted under the color of law. A defendant acts under the color of law when its "actions can be fairly attributed to the state." *Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994). Defendant Verizon appears to be a private entity and Plaintiff's Complaint lacks any allegation demonstrating how its actions are attributable to a government actor. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted, as well.

## Conclusion

Plaintiff's Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED without prejudice**, and Plaintiff's Complaint (Doc. 1) is **DISMISSED, without prejudice**, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint. Plaintiff may file his amended complaint on or before **January 16, 2026**. Should Plaintiff file an amended complaint in this matter, the complaint must clearly explain the basis for the Court's jurisdiction, as well as the timeframe, facts, and legal basis for his claims, that is the who, what, when, where, how, and why behind his allegations. **If Plaintiff fails to file an amended complaint by January 16, 2026, this action will be dismissed for a failure to abide by a court order pursuant to Fed. R. Civ. P. 41(b).**

SO ORDERED.

Dated: January 6, 2026                              /s/ *David W. Dugan*
                                                    _____
                                                    DAVID W. DUGAN
                                                    United States District Judge